You may be seated. Good morning. Welcome to the Fourth Circuit. We're going to hear arguments in four cases today. And we particularly want to welcome today the students from the William & Mary College of Law who are observing arguments today. And we're ready for our first case, Gardner v. Bondi. Mr. Johnson. Good morning, Your Honors. Your Honors, I must point out something that I discovered in preparation for today's hearing, and that is that one of our footnotes didn't make it into the final version in the PDF version. And that footnote referenced a 2024 conviction that my client had for misdemeanor shoplifting, concealment of merchandise. At the conclusion of today's hearing, Your Honors, we will move for the Court to amend that, to include that second footnote. Okay. And the second footnote with the additional conviction, is this the first opposing counsel's hearing of it? I did advise counsel this morning before we got elected. Okay, good. Thank you. And so how does that impact your argument? Well, we would argue that it's a lesser offense of misdemeanor larceny, that it does not constitute a CIMT. We would, in our footnote, we make some arguments as to why the Court should not consider it a CIMT. And a CIMT for people listening is a conviction. Okay, a crime of moral turpitude, Judge, I'm sorry. Your Honor, the other issue that we are here to address is the PJC, which has overwhelming impact for North Carolinians, especially North Carolinians that have immigration issues. Judge, in this case, my client was required to complete community service before receiving a prayer for judgment to continue. A common practice among practitioners that we call earning a PJC to warrant that discretion, to warrant or to merit that discretion. In this case, my client was asked to complete community service before the Court entered a decision. And this is common, as I indicated. And you're saying, are you arguing that the timing of it is what makes it not a punishment or a sanction? Yes, Judge. Simply the timing. The timing is an extremely important element because the timing occurs, Your Honor, before, typically before a respondent or a defendant enters a guilty plea. But what authority, then, would the Court have had to impose community service as anything other than a sanction or a punishment? This is the authority. The judges are empowered with the authority to issue a PJC or prayer for judgment to continue. And so what the judges are doing, Your Honor, is they are saying that they will not issue or use that discretion to issue a PJC if this condition is not complied with. And so this is distinguishable from other... Don't we have a case about timing? Doesn't Jacquez v. Sessions say that the INA requires a finding of guilt and some sort of punishment but does not require that the two elements be entered or imposed simultaneously? That is true, Your Honor. And timing is not the issue. It's that both things have to exist. Both things have to exist, and the timing is not the sole issue. The other issue is do you consider the community service to be a punishment? Again, this was a condition in order to earn a benefit. And what we're saying is if you look at... So community service in this instance wasn't a punishment. It was a benefit? It was a requirement to obtain the benefit, Judge, yes. And was the benefit a lesser punishment? The benefit was the PJC. Right. Which is the lesser punishment? Well, a PJC is not a conviction. And so the idea is that the respondent or defendant will receive not a conviction. A judgment would not be entered if they completed the community service. Now, if I may say, this is distinguishable from other instances where PJCs have been issued, where the court says the subsequent conduct should be monitored, such as ordering a respondent to not flee from prison, to continue obeying the law, or to not violate motor vehicle laws, as in Florence v. Hyatt, or to order no contact to the victim and immediate family, as in Walters v. Cooper. Judge, in all of these cases, the court found that those actions by the court or those requirements by the court were not considered punishments. In this case, what happens is client went to court, initiated that he intended to enter a guilty plea and wanted to request a PJC. Court entered a requirement that the client comply and complete community service hours. Client returns to court showing compliance, and then the court enters a PJC. What we're saying, Judge, is that this is a condition that's placed on a defendant prior to the court entering a PJC. There is no ongoing monitoring. There is no ongoing requirements that the defendant has. How do you distinguish in North Carolina the cases, and one of them is, I think it's State v. Pop, where it says community service is punishment? If you look at the timing of this particular case, Judge, again, this happens before. And it wasn't just punishments, State v. Pop, Your Honor, if I may. It was abide by curfew, complete high school, can meet 100 hours community service, remain employed, and write a letter of apology. So the court had imposed a number of conditions that are distinguishable from this case. In this case, Your Honor, my client was required to complete community service before the entry of a PJC. Isn't the question in front of us, though, whether this qualifies as punishment or restraint on liberty under federal law? North Carolina doesn't control our interpretation of what is punishment or restraint on liberty or the statutory language, you know what I mean? That is correct, Your Honor. What that means for federal law, right? Now, Gonzalez tells us we look at State law for the substance of what is this penalty, what was imposed. Sure. But North Carolina law can't tell us what this term means for purposes of federal law, can it? It cannot, Judge. It's persuasive. It's to give the court guidance on how courts have treated the issue. And we defined that in Gonzalez. So how does this satisfy the definition there? Well, in Gonzalez, the court ordered that a fine or determined that a fine would be punishment because it's punitive in nature. In this case, Judge, based on my experience, when someone complies with a condition precedent, it's not treated as a punishment. It's treated as someone who is seeking a benefit, that benefit being a PJC. So we would say, Judge, this is not a fine. It's not equivalent to a fine. It's not punitive in nature. Well, we defined it in Gonzalez as a punitive sanction, i.e., one that's intended to discipline or deter and is proportionate to the underlying offense conduct, that that's what is a punitive sanction or a punishment of some sort. So this community service seems to satisfy all of those requirements, doesn't it? I would argue that it does not, Judge, respectfully. There's nothing in the record to suggest that the court, when requiring the community service to earn a PJC, indicated this would deter or be used as a punishment against the defendant. It's merely a prerequisite for the respondent or defendant to show that he has complied with the court's conditions, he's met the court's conditions, so that the court can enter the PJC. So I would argue, Judge, respectfully, that it's not punitive. It's not a penalty. It's not to deter future. If community service was entered after the judgment, would it be punitive? Yes, because it would be part of a court's judgment, Judge. So for you, timing really is everything. I think timing... Before judgment, community service is somehow not punishment, but after it morphs into punishment. It goes into the mindset of the court, and the court is whether or not it would be considered a punishment or not, Judge. I think that once a court enters judgment, it then requires a set of conditions, including but not limited to community service, that that is intended to punish, deter, and change behavior. Whereas when the conditions are requested prior to the entry of a PJC, that's considered more of a warranting favor or meriting a PJC, and we would consider that, Judge, not to be punishment or punitive in nature. But he can't get the PJC without doing the community service. That is correct. In this case, Judge, the court did have him do community service in order to receive the PJC. So under your theory, what if a judge sentences someone to time served? Say that they're arrested, they're incarcerated while they're awaiting their plea, their sentencing, and the plea and sentencing all happen at the same time. They plead guilty, and the judge says, I sentence you to time served. Under your theory, that would not be a punishment because it happened before the guilty plea, before the judgment. No, I would consider that. The difference, I would say, to answer Your Honor's question is that judgment was not entered here because the PJC is not analogous to a time served sentence. Before the plea, let's say. Okay. So in this case, Judge, the question becomes, and why I think it's different, again, is that one is a judgment and one is actually just a PJC. But I would say timing is everything in these cases, Judge. I don't think we can get away from that. And I think this is distinguishable from the fact pattern that you just provided, in that it's what someone must do in order to warrant that favor. In your scenario, Your Honor, the time served scenario, it's someone who's already serving the punishment prior to the entry of a plea, and subsequent to that, the court's decision as to what the punishment should be. The court then has to consider a number of factors. I just don't see how it's different because they've done the, you know, alleged punishment ahead of time and then plead guilty. I know you're saying, well, the difference is there's a judgment, but we all agree the statute here doesn't require a judgment for it to be considered a conviction. So that can't be the dispositive difference, right? It doesn't require judgment, but it goes back to the definition of punitive punishment. I mean, the court would have to consider that that community service that's being required of a defendant respondent before a PJC is entered as a punishment. And we're saying respectfully there's not enough in the record to indicate that that was the court's intent. Certainly, we are arguing that that was the court's attempt to have the defendant show that he warranted such consideration. Because, again, a PJC is a benefit in that you don't have a criminal conviction. That's distinguishable from a time-served situation where you actually do have a conviction on your record. And so when we say earn, and this is common language amongst North Carolina practitioners, it's because one is trying to earn that benefit, not so much be punished or deterred from doing it again. Even under that rubric, the judge has put a restraint on the individual's liberty, right? Presumably, this gentleman would not have performed community service had the court not said, because you are pleading guilty, you must perform this community service. I think it's choice, Your Honor. I mean, to be very candid with you, this was not an order that if you don't do this, you won't get a PJC. If you want a PJC, you show me that you comply with community service. That's very different than a court order saying you must do this. And I think that that goes to a difference, if you will. It's like getting a benefit from a guilty plea, right? If he hadn't done that, the consequences would have been worse. The consequences would have been entry of a judgment or a conviction. So what we are talking about here is someone who is requesting a benefit from the court. The court says, okay, in order to receive the benefit, you must do this. In this case, it was community service. This is not to say that the court said you must do community service. You are ordered to do community service, and then we'll come back and consider a PJC. Because the court did not do that. They did not order this defendant to do it to get a PJC. What happened, Your Honor, was that if the defendant wanted to receive a PJC, had to show proof that he complied with community service hours. And I think that that is a key difference in the practice on how these PJCs are warranted. So there is no restriction on the defendant's liberty. A defendant can choose that I don't want a PJC, Your Honor. I'd rather have her judgment. And that's certainly a decision or prerogative of the defendant. Your Honor, I think that concludes my arguments on how I would make the distinction between receiving or doing community service prior to the entry of a judgment. All right, you have some time in rebuttal. Thank you. Okay, thank you. Mr. Sines? Good morning, Your Honors. May it please the Court, Rodolfo Sines for the U.S. Attorney General. Before getting to the substance of PJC and the procedure and how it works in North Carolina, I just wanted to start with the background of how a federal law immigration section is interpreted in this case. As this Court has noted in Jacques' and the Board has noted in matter of Mohamed, when Congress amended this section 1101A48A and it created these two categories, the formal judgment of guilt and the deferred adjudication categories, it wanted to do away with the vagaries of state law. In other words, it didn't want the definition of conviction to depend simply upon the label that a state court applies. Taking that expansion into consideration, that's why courts like the Eighth Circuit, like the Board in matter of Mohamed, have concluded that community service is sufficient to qualify as a conviction under the deferred adjudication second part of the INA. Here, when we employ the definition under Gonzalez, we can see why the substance of North Carolina law fits within that broad expansion of deferred adjudication categories. Under state law in North Carolina, there's different kinds of PJC scenarios. The traditional true PJC scenario is where upon a plea of guilty, the judge then decides to continue the prayer for judgment to a later date. It suspends sentencing. There's no appeal rights during that period. It's basically put off for another day for a final judgment. But when there is a condition placed upon that continuation for a prayer of judgment, North Carolina treats that scenario differently. It treats it as, in effect, a final judgment. And the reason for that is that because you are triggering the appeal right, the judge can no longer impose a sentence. So in effect, it's basically like a final judgment or a conviction. It just doesn't have that word or label in state law. When is it a final judgment or conviction? When the condition that's placed upon PJC qualifies as a punishment under state law. And so under your argument, timing doesn't matter at all. Timing doesn't matter at all, Your Honor. What matters is the character of the order and whether it qualifies as a punishment under state law. And North Carolina has, as Judge Rushing alluded to earlier, already concluded that community service, among other things, can qualify as a punishment under state law. It also did so in an unpublished decision, the Baker decision. And so when we go back to Gonzalez and we're looking to the substance of state procedure to discern whether it's a conviction under the INA, we're looking to that distinction between judge-imposed discretionary judgments that are getting at something that's proportionate to the crime, that can be discretionary in that sense, and the court-imposed mandatory administrative costs or compensatory orders. So in Gonzalez, for example, the court concluded in that Virginia statute, I believe it was. And in the government's view, do we just need to apply Gonzalez as it is or would we need to expand upon Gonzalez in some way to reach your argument? It fits neatly within Gonzalez, Your Honor. And it's a continuation of what the board has said as well, that we don't look at the labels of what the state is saying. Here in North Carolina, there is no magic word of judgment or conviction. It's basically, and there's no further paper that's issued after this. It's just that after a plea of guilty, the court imposes conditions in order to receive the PJC. And under state law, that is the equivalent of a punishment. It's different, and it triggers a final order. There's no longer sentencing. There's no longer any sort of follow-up. The appeal can proceed in due course. And do you agree that this new, well, it's not a new footnote, but it didn't make it into the briefs, that the conviction doesn't matter to the argument one way or the other? It doesn't, Your Honor, because we're talking about a 2009 misdemeanor larceny offense. The other applicable conviction, which was conceded, is not disputed as a conviction, is a 2013 misdemeanor larceny. Same crime, same offense, just different dates. So I think another helpful argument to make in this circumstance is looking not only to, for example, the matter of Mohamed case or this court's unlawful conviction, where it found a more restrictive INA provision about conviction, that community service satisfied that. If he didn't complete the community services procedurally, what would have happened had he not completed it? I tried looking into that, Your Honor. Based on my impression, it doesn't seem any different than if he had received a sentence in a normal criminal case, in that there could be further consequences or further litigation on that. But I think it doesn't make a difference in terms of whether the order conditioning community service was a final judgment for state law purposes. I was trying to just figure out if he would go back and just be sentenced on obviously not get a PJC and then be sentenced, because he's already pled guilty.  And I was wondering that as well, but I think the Griffin case, that is the Supreme Court North Carolina case, it's pretty clear that no punishments can be imposed after a conditioned PJC order is made. So that seems to suggest that regardless... So that didn't make any sense. So he could just not do the community service at all and nothing else would happen to him? Nothing else would happen? I guess there could be different proceedings triggered at that point, but I'm merely speculating. If Bob was the prosecutor, there would be different proceedings triggered at the point that he just didn't do the community service? That doesn't make sense. I'm not fully sure, Your Honor, but what I do know is that it is still a final judgment and it triggers appeal. Right. The point I was going to make before was the habeas context is helpful here, albeit from different circuits. The Second Circuit and the Third Circuit have concluded that community service there is a restraint on liberty for habeas purposes, and the reasoning is because the person has to be in a certain place at a certain time. And so they have this obligation that the rest of society does not have to follow. And it's a very similar situation here with community service in the state criminal process because the person is, again, having to do something that they don't normally have to do. If there are no further questions, I'll cede the remainder of my time. All right. Thank you very much. And we'll hear again from Mr. Johnson. Your Honor, I'll be brief. This is a case of obligation versus preference. We've heard some conversations about obligating a defendant to do community service. Can you answer a question I asked him earlier? Yes. I mean, just since you're more familiar with it. Procedurally, if he doesn't complete the community service, he goes back and then is sentenced on the charge, right? No, Your Honor. There is no sentence on the charge. If someone doesn't complete the community service, there will simply be, court will accept the guilty plea and issue a judgment or conviction and issue a sentence at that point in time. So what I'm explaining is that no sentence is issued when someone is doing the community service to earn a PJC. It's timing. It happens before a sentence is actually. When the community service is made a condition, is that appealable? No, Judge. My understanding is you cannot appeal that. Because once a PJC is entered, it's not a judgment that can be appealed. And so this goes back to obligation versus someone's decision. If the court says you're sentenced to 10 days and you must do 100 hours of community service, without question that is a part of a judgment and the person has a restriction on their liberty and it's an obligation. This should be distinguished from someone saying that they're going to request the court enter a PJC and the court saying upon us using our discretion, you must do this. And if you show us you did these things, we will then use our discretion to enter a PJC. And that's what I'm trying to explain as an important difference here. It's an obligation versus someone's preference to seek a PJC and make that request to the court. And so in this case, Your Honor, my client made a request to the court for a PJC. The court said, okay, we will consider entering a PJC upon showing that you've completed community service hours. That's distinguishable from having a judgment, a sentence, and then being forced to do community service. It just doesn't say that. It doesn't say considering prayer for judgment continued. It says prayer for judgment continued upon completion of community service work. And North Carolina law, I mean, McDonald, Griffin, Pop, all of those say when a condition is imposed that amounts to punishment on the continuation, then that becomes a judgment. Judge, my reading of that particular case is my client had no further court dates, no further dates that he had to show compliance with community service. So my reading of it is that he had to show compliance before the court entered a PJC. In other words, there's nothing in the record to suggest that once the court issued the PJC and required the community service, that my client had to return with proof as subsequent to the court entering that. My understanding is that once the court entered... Well, if anything, that suggests that the court already entered the prayer for judgment continued.  It's not what you were saying earlier. The court considered doing it and said I might do it later if you do this community service. I consider that even in our brief that it's a condition precedent. So if you want to receive it, you must show us that you complied with community service. And my understanding is that once he complied with community service, the court then issued the PJC. It's not that... Does he, on the community services, is there a certain number of hours that the court suggests that he do? Yes, Judge. Where he's to do community service? It's up to the discretion of the courts, and it varies. Some judges may have you do it at a local non-profit. Some judges will have you do it at a certified non-profit that works with the courts. But the court decides where the community service is done and how many hours of the community service. Correct. If there's no further questions, thank you, Your Honors. All right. Thank you. We appreciate the arguments of both counsel. We'll come down on Greek counsel and proceed to our second case.
judges: Stephanie D. Thacker, Allison J. Rushing, DeAndrea Gist Benjamin